IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND


PAUL MCDONALD                          *
        Plaintiff,
    v.                                 * CIVIL ACTION NO. PJM-14-2388


DEPARTMENT OF CORRECTION               *
ROXBURY CORRECTIONAL
STATE OF MARYLAND                      *
        Defendants.

                              *****

## <u>MEMORANDUM OPINION</u>

On July 25, 2014, Paul McDonald (hereinafter referred to as "McDonald"), a former state

inmate who now resides in Baltimore, Maryland, filed a civil rights complaint against the Division

of Correction, Roxbury Correctional Institution ("RCI"), and the State of Maryland.  He alleges that

the undersigned judge showed bias and prejudice and a conflict of interest in ruling against him in

prior civil rights actions filed against Division of Correction employees in this Court.[1]  He appears

to claim that although the court dismissed his civil rights actions against these officers, these same

RCI officers were recently terminated from employment and/or criminally convicted for offenses

---

[1]      To the extent McDonald complains about the bias and prejudice of a federal court judge, his commentary shall be construed as a request for recusal.  To be disqualifying, the alleged bias or prejudice must stem from an extrajudicial source.  *See United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966).  In other words, it must arise from "events, proceedings, or experiences outside the courtroom." *Sales v. Grant*, 158 F.3d 768, 781 (4th Cir. 1998).  Therefore, on their own, judicial rulings "almost never constitute a valid basis for a bias or partiality motion." *United States v. Lentz*, 524 F.3d 501, 530 * (4th Cir. 2008) (citing *Liteky v. United States,* 510 U.S. 540, 555 (1994) (internal quotation marks omitted).  Moreover, opinions formed by the judge during the current proceeding, or a prior one, do not generally warrant refusal. *Id.*  A judge is neither required to recuse himself "simply because of unsupported, irrational or highly tenuous speculation," nor "simply because [he] possesses some tangential relationship to the proceedings." *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (internal citation omitted).  Finally, the judge against whom the affidavit of bias is filed may rule on its legal sufficiency. *See Marty's Floor Covering Co., Inc. v. GAF Corp.*,  604 F.2d 266, 268 (4th Cir. 1979) (internal citation omitted).

      McDonald's conclusory claims of bias and conflict of interest based upon the Court's rulings do not demonstrate a need for recusal.  The request for recusal shall be denied.

against other inmates.  ECF No. 1.  McDonald asks that the officers be made responsible for his existing "bad" physical and mental health since November 2004, and be held liable for all his medical bills.  Because he appears indigent, McDonald's Motion to Proceed In Forma Pauperis (ECF No. 2) shall be granted.

Although McDonald does not reference a particular case, the Court observes that he filed approximately thirty civil rights cases in this Court.  From a review of the list of dates and officers provided in his current complaint (*see* ECF No. 1 at Ex. 1), it is believed that he is focusing on a prior 42 U.S.C. § 1983 civil rights complaint filed against Defendant Stauffer and other RCI officers in regard to an alleged series of assaults occurring on November 6, 2004.  *See McDonald v. Sowers, et al.*, Civil Action No. PJM-04-4035 (D. Md.).  In that particular case, on June 20, 2005, this Court granted Defendants' Motion for Summary Judgment after briefing by the parties.   The case was affirmed on appeal by the United States Court of Appeals for the Fourth Circuit on  October 31, 2006.  *Id*. at ECF No. 23; *see also McDonald v Sowers, et al.*, 204 Fed. Appx. 303 (4th Cir. 2006). On January 30, 2006, McDonald mailed documents to the Court again complaining about the November 6, 2004 incidents of excessive force.  In addition, he complained of a retaliatory transfer to the Western Correctional Institution, access to his property, and non-compliance with non-smoking and dress code policies.  *See McDonald v. Warden*, Civil Action No. PJM-06-251 (D. Md.) On February 9, 2006, the Complaint allegation of excessive force was dismissed under the doctrine of *res judicata*.  All other claims were dismissed without prejudice.

Where, as here, McDonald is again attempting to re-lititgate his prior cases, he may not so

do.[2]  Generally, under the doctrine of res judicata, a "final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in that action." *Pueschel v. United States,* 369 F.3d 345, 354 (4th Cir. 2004) (quoting *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398 (1981)).  Res judicata consists of two preclusion concepts: claim preclusion and issue preclusion.  *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 757, 77 n. 1 (1984).  Claim preclusion bars the re-litigation of matters that have already been litigated and decided.  For claim preclusion to apply, there must be: "(1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." *Pueschel,* 369 F.3d at 354–355.  Issue preclusion bars the re-litigation of the same issue in a different cause of action by a party who had a full and fair opportunity to litigate the issue in the earlier proceeding.   For issue preclusion to apply, the proponent must establish that: (1) the issue sought to be precluded is identical to one previously litigated; (2) the issue must have been actually determined in the prior proceeding; (3) determination of the issue must have been a critical and necessary part of the decision in the prior proceeding; (4) the prior judgment must be final and valid; and (5) the party against whom estoppel is asserted must have had a full and fair opportunity to litigate the issue in the previous forum.   *See Sedlack v. Braswell Services Group, Inc.,* 134 F.3d 219, 224 (4th Cir. 1998).

---

[2]       McDonald previously attempted to re-litigate his 2004 claims in *McDonald v. Division of Correction for Maryland, et al.*, Civil Action No. PJM-13-775 (D. Md.)  The case was summarily dismissed on March 25, 2013, and that dismissal was affirmed by the Fourth Circuit on June 5, 2013.  *See McDonald v. Division of Correction, et al.*, 523 Fed. Appx. 247 (4th Cir. 2013).

Under these doctrines, Plaintiff may not re-litigate his claims against RCI officers regarding the alleged November 6, 2004 guard assaults.   Accordingly, a separate Order shall be entered dismissing McDonald's Complaint.

_____/s/_____

PETER J. MESSITTE

UNITED STATES DISTRICT JUDGE

August 4, 2014